# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ERIC RHETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1752 DJS |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## Discussion

Plaintiff's sixty-eight page complaint, which in most regards is incomprehensible, seems to allege a plethora of claims against a whole host of defendants, including (but apparently not limited to) the: Social Security Administration, H.C.C.S.E.U. Child Support Unit, Jefferson-Monticello Insurance Co., Rentals Plus Realty, Public Service Electric and Gas Company, Superior Court Uncollectible Unit, State Community Affairs Department, Douglas D. Bradley, M.D., Thalody Medical Associates, Howard Pecker, M.D., Monica Mehta, Fadi Bajjani, M.D., Division of Social Services, State

Administration of Law, MIIX Insurance Company, and New Jersey Superior Court of Elizabeth, New Jersey.

Despite the length of his complaint, it is impossible to ascertain what plaintiff complains of or what relief he seeks. Such complaint violates the requirements of Federal Rule of Civil Procedure 8(a), which requires that the complaint set forth (1) "a short and plain statement of the grounds upon which the court's jurisdiction depends," and (2) "a short and plain statement of the claim showing that the pleader is entitled to relief." If this was plaintiff's only deficiency, the Court might very well allow plaintiff time to amend his pleadings to conform with the requirements of Rule 8. See, Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988). However, this Court takes judicial notice of the fact that this is not the first time that plaintiff has presented his claims to a district court. He has filed five other similar actions in the District of New Jersey[1], one in the District of Maryland which was transferred to the District of New Jersey[2] and one in the Eastern District of Louisiana which was also transferred to the District

---

[1] Rhett v. Disman, et al., 2:02CV5539 JAG, Rhett v. Union County Division of Social Services, et al., 2:03CV950 SRC-CCC, Rhett v. Pecker, et al., 2:03CV1196 JWB, Rhett v. Superior Court of New Jersey, et al., 2:03CV5240 JWB

[2] Rhett v. Hi-Tech Training School, et. al, 2:07CV1310 DRD-ES

of New Jersey[3]. Each of these cases were strikingly similar to the instant case, and in several of these cases, plaintiff was instructed of his failure to comply with Rule 8. In fact, of the four cases dismissed[4], at least two were dismissed for plaintiff's non-compliance with Rule 8, among other factors. Additionally, one case was administratively closed because the complaint, like the instant one, was so incomprehensible that the Court was prevented from screening the complaint for the purposes of establishing whether plaintiff's claims were subject to *sua sponte* dismissal under 28 U.S.C. § 1915.

Because the allegations in the instant complaint are duplicative of the allegations plaintiff brought in the aforementioned cases, and because plaintiff has been counseled on numerous occasions of his obligations under Rule 8 and yet still failed to comply with the Rule, the complaint should be dismissed. See, e.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (allowing for the dismissal of duplicative lawsuits); Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983) (recognizing that if a plaintiff has persisted in violating Rule 8 the court is justified in dismissal).

Accordingly,

---

[3] Rhett v. New Jersey State Superior Court, et al., 2:07CV2303 JLL-CCC

[4] Only the first case plaintiff filed was allowed to go forward as an appeal of a denial of social security benefits.

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this  15th  day of  November, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE